CLD-042                                                    November 5, 2015
## UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

C.A. No. **15-1960**

TROY COULSTON,
            Appellant

v.

SUPERINTENDENT HOUTZDALE SCI; ET AL.

(W.D. Pa. Civ. No. 3-12-cv-00154)

Present:        VANASKIE, Circuit Judge

            Submitted is Appellant's motion for counsel

            in the above-captioned case.

                                Respectfully,


                                Clerk

MMW/JGB/pdb
_____ORDER_____

Upon consideration of the factors set forth in Tabron v. Grace, 6 F.3d 147, 155-58 (3d Cir. 1993), the foregoing motion for appointment of counsel is denied. To qualify for appointed counsel under 28 U.S.C. § 1915(e)(1), Coulston's claim must have arguable merit in both fact and law. Id. at 155. If that threshold is met, we then consider several factors in determining whether we should, in our discretion, appoint counsel, including: (1) the merits of the party's claim; (2) the party's ability to present his case; (3) the difficulty of the particular legal issue; (4) the extent of any "investigation" that may be required; and—as a countervailing factor—(5) the spare resources available for the appointment of pro bono counsel. Id. at 155-57.

Coulston's appeal may present arguable issues. We acknowledge the concerns Coulston expresses in his motion for counsel; however, we conclude he should nevertheless be capable of presenting his appeal and briefing the question of whether the

District Court granted summary judgment. This appeal is not especially complex. It involves determining whether the District Court applied the correct legal standard when it determined that, to prevail on his access-to-courts claim, Coulston was required to file a petition under the Pennsylvania Post Conviction Relief Act, even after the defendants destroyed the evidence on which it would have relied.

In addition to any other issues the parties may wish to address, the parties shall address whether the District Court correctly determined, in its order entered on March 18, 2015, that the defendants' actions did not prevent Coulston from filing a petition under the Pennsylvania Post Conviction Relief Act. Cf. Snyder v. Nolen, 380 F.3d 279, 291 (7th Cir. 2004) ("The right of access to the courts is the right of an individual, whether free or incarcerated, to obtain access to the courts without undue interference."). Furthermore, the parties shall address the District Court's determination that Coulston is not entitled to relief on his access-to-courts claim because he chose not to file such a petition, even after the defendants destroyed his legal materials.

By the Court,

s/ Thomas I. Vanaskie
Circuit Judge

Dated: November 18, 2015
PDB/cc: Troy Coulston
      Raymond W. Dorian, Esq.